IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN T. QUINTERO, ) | 2:08-CV-00571 JMS-BMK (PC) |
| ) | |
| Plaintiff, ) | ORDER GRANTING PLAINTIFF'S |
| ) | MOTION FOR LEAVE TO FILE |
| vs. ) | AN AMENDED COMPLAINT; |
| ) | ORDER TERMINATING |
| J. S. STEWART, JOHN DOE 1, ) | DEFENDANT J. S. STEWART'S |
| ) | MOTION TO DISMISS |
| Defendants. ) | |
| _____ ) | |

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN
AMENDED COMPLAINT; ORDER TERMINATING
<u>DEFENDANT J. S. STEWART'S MOTION TO DISMISS</u>

Plaintiff is a state prisoner proceeding pro se *in forma pauperis*. In the original Complaint, the only named Defendants are J. S. Stewart ("Stewart"), a program sergeant at California State Prison-Sacramento, and "John Doe 1." On August 10, 2009, Stewart filed a Motion To Dismiss the claims against him, which is scheduled to be heard on November 20, 2009. On October 19, 2009, Plaintiff filed a Motion For Leave To File An Amended Complaint, stating that he "has determined that the Defendant J. S. Stewar[t], was not culpable, therefore, Plaintiff wishes to remove J. S. Stewar[t] from [the] complaint." After careful consideration of Plaintiff's Motion, the Court GRANTS Plaintiff leave to file an Amended Complaint.

The Court notes that Plaintiff filed an "Amended Complaint" on October 19, 2009.  (Doc. 21.)  The Court deems that document, which names only "John Doe #1" as a Defendant, to be a *proposed* Amended Complaint.  As explained below, Plaintiff is required to file a new Amended Complaint.

"As a general rule, the use of 'John Doe' to identify a defendant is not favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, "where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  Therefore, Plaintiff is granted **forty-five days** from the date of this Order to file one of the following: (1) a new Amended Complaint stating the identity of "John Doe #1" and his or her involvement in Plaintiff's allegations, or (2) an explanation of what Plaintiff has done to try to learn the identity of "John Doe #1" and why he has been unsuccessful.  See Augustin v. Dep't of Public Safety, CV. NO. 09-00316 ACK-BMK, at 3-4 (Aug. 24, 2009).  Plaintiff is reminded that the Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint or proposed Amended Complaint by reference.

Given that the Court GRANTS Plaintiff's Motion, which seeks to remove Stewart as a Defendant, Stewart's Motion To Dismiss (Doc. 15) is moot and the Court deems it withdrawn. Therefore, Stewart's Motion To Dismiss is TERMINATED, and the hearing on that Motion to Dismiss, set for 11/20/2009, is VACATED.

If Plaintiff fails to timely comply with this Order, the Court will issue a finding and recommendation to dismiss this action without prejudice for Plaintiff's failure to comply with a court Order or to otherwise prosecute this action. See Augustin, CV. NO. 09-00316 ACK-BMK, at 4.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 23, 2009.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Christian T. Quintero v. J. S. Stewart, CV. NO. 2:08-CV-00571 JMS-BMK (PC); ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT; ORDER TERMINATING DEFENDANT J. S. STEWART'S MOTION TO DISMISS.