IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTIAN T. QUINTERO, | ) | 2:08-CV-00571 JMS-BMK (PC) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | REQUEST TO FILE A MOTION |
| vs. | ) | FOR PRODUCTION OF |
| | ) | DOCUMENTS; ORDER |
| JOHN DOE #1, | ) | GRANTING EARLY DISCOVERY |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S REQUEST TO FILE A MOTION FOR PRODUCTION OF DOCUMENTS; ORDER GRANTING EARLY DISCOVERY

Before the Court is Plaintiff Christian T. Quintero's Request To File a Motion For Production of Documents.  After careful consideration of the Request, it is DENIED, but the Court GRANTS Plaintiff leave to conduct early discovery for the limited purpose of discovering the identity of John Doe #1.

On October 19, 2009, Plaintiff filed an "Amended Complaint," which names only "John Doe #1" as a Defendant.  (Doc. 21.)  This Court deemed that document to be a *proposed* Amended Complaint and required Plaintiff to file (1) a new Amended Complaint stating the identity of "John Doe #1" or (2) an explanation of why he has been unable to learn that person's identity.

On December 7, 2009, Plaintiff filed the present Request, explaining that California Department of Corrections and Rehabilitation officials denied his

"request to view [a] report in Plaintiff's central file where [John Doe #1]'s name is stated." (Request at 1.) According to Plaintiff, he was told that he would not be allowed to view the report until "a judge so orders it." (Id. at 2.) Because he has been denied access to the report identifying John Doe #1, Plaintiff is unable to name the only Defendant in this case.

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, "where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (cautioning against dismissing a "complaint against Doe simply because [the plaintiff] was not aware of Doe's identity at the time he filed his complaint"). Because a district court may order early discovery in a case, see Fed. R. Civ. P. 26(d), and a non-party may be served with a subpoena, see Fed. R. Civ. P. 45, a plaintiff can possibly discover the identity of an unknown Defendant through early discovery.

Plaintiff is notified that he must identify John Doe #1 so that service may be effected. In an effort to assist Plaintiff, this Court ORDERS early

discovery for the limited purpose of discovering the identity of the unknown Defendant alleged to be involved in Plaintiff's claims.  For example, Plaintiff is allowed to send interrogatories to the appropriate persons asking for the identity of John Doe #1, who Plaintiff alleges cancelled or denied his cell change request that was submitted a few days before April 24, 2006.  Plaintiff is GRANTED **sixty days** from the date of this order to conduct such discovery and to file one of the following:  (1) a new Amended Complaint[1] stating the identity of John Doe #1, or (2) an explanation of Plaintiff's discovery attempts and why they have been unsuccessful.

The Clerk of Court is DIRECTED to send a copy of this order to Plaintiff, the head of the California Department of Corrections and Rehabilitation, the Attorney General of California, and the Warden of California State Prison–Sacramento (where the actions at issue in this case allegedly occurred).

Inasmuch as the Court grants early discovery in this case, Plaintiff's Request to File a Motion for Production of Documents is denied.  Plaintiff may submit any request regarding John Doe #1's identity directly to the appropriate officials.

---

[1] Plaintiff is reminded that the Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint or the proposed Amended Complaint by reference.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 28, 2009.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Christian T. Quintero v. J. S. Stewart, CV. NO. 2:08-CV-00571 JMS-BMK (PC); ORDER DENYING PLAINTIFF'S REQUEST TO FILE A MOTION FOR PRODUCTION OF DOCUMENTS; ORDER GRANTING EARLY DISCOVERY.