IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN T. QUINTERO, ) | CV. NO. 2:08-CV-00571 JMS-BMK |
| ) | (PC) |
| Plaintiff, ) | |
| ) | FINDINGS AND |
| vs. ) | RECOMMENDATION THAT THIS |
| ) | ACTION BE DISMISSED |
| JOHN DOE #1, ) | WITHOUT PREJUDICE |
| ) | |
| Defendant. ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATION THAT
THIS ACTION BE DISMISSED WITHOUT PREJUDICE

This case is brought by pro se Plaintiff Christian T. Quintero against Defendant John Doe #1 ("John Doe"). In the Amended Complaint (Doc. 21), Quintero states that, on April 24, 2006, he submitted a request to be rehoused in Cell Block 7 because he feared for his safety in Cell Block 8. He alleges that John Doe, an employee at the prison, "allowed himself to be influenced by Prison Gang Members to cause Plaintiff's cell/housing change to be cancelled, despite his knowledge of Plaintiff's safety concerns and knowledge that prisoners often manipulate, dissuade, or persuade Correctional Staff to approve or disapprove an inmate's request for a cell-change or housing change." (Doc. 21 at 2-3.) Quintero claims that John Doe's actions violated the Eighth Amendment of the United States Constitution.

As discussed below, Quintero has failed to identify a Defendant in this case. After granting Quintero early discovery and assisting him in retrieving a report that he believed would identify John Doe, Quintero is still unable to provide the identity of John Doe (or any Defendant) in this case. The Court therefore finds and recommends that this action be dismissed.

## FACTUAL BACKGROUND

On March 13, 2008, Quintero filed the original Complaint in this case against a named Defendant, J.S. Stewart, and an unnamed Defendant, "John Doe. 1." (Doc. 1.) After this case was transferred to this Court, the Court screened the Complaint and ordered that service of the Complaint was appropriate for Defendant Stewart. (Doc. 9.) Defendant Stewart responded to the Complaint by filing a Motion to Dismiss. (Doc. 15.) However, while the Motion to Dismiss was pending, Quintero sought leave to file an Amended Complaint. (Doc. 20.) The Court granted Quintero leave and denied the Motion to Dismiss as moot. (Doc. 22.)

The Amended Complaint was filed on October 19, 2009. (Doc. 21.) The Amended Complaint named only John Doe as a Defendant. On October 26, 2009, this Court explained in an order that "the use of 'John Doe' to identify a defendant is not favored" and that a "plaintiff should be given an opportunity

through discovery to identify the unknown defendants." (Doc. 22.) This Court therefore deemed the Amended Complaint to be a *proposed* Amended Complaint and granted Quintero forty-five days "to file one of the following: (1) a new Amended Complaint stating the identity of 'John Doe #1' and his or her involvement in Plaintiff's allegations, or (2) an explanation of what Plaintiff has done to try to learn the identity of 'John Doe #1' and why he has been unsuccessful." (Doc. 22.) The Court warned Quintero that failure to comply with this order would result in the Court issuing "a finding and recommendation to dismiss this action without prejudice." (Doc. 22.)

On December 6, 2009, Quintero filed a Motion to Compel Production of Documents ("Motion to Compel"). (Doc. 23.) According to Quintero, a report within his central file at the prison identified the name of John Doe. Although he requested to view that report, his request was denied. Therefore, he sought the Court's assistance in obtaining the report so he could identify John Doe. This Court granted Quintero early discovery to identify John Doe:

> Plaintiff is notified that he must identify John Doe #1 so that service may be effected. In an effort to assist Plaintiff, this Court ORDERS early discovery for the limited purpose of discovering the identity of the unknown Defendant alleged to be involved in Plaintiff's claims. For example, Plaintiff is allowed to send interrogatories to the appropriate persons asking for the identity of John Doe #1, who Plaintiff alleges cancelled or denied his cell change request that was submitted a few days before April 24, 2006. Plaintiff

3

> is GRANTED **sixty days** from the date of this order to conduct such discovery and to file one of the following:  (1) a new Amended Complaint stating the identity of John Doe #1, or (2) an explanation of Plaintiff's discovery attempts and why they have been unsuccessful.

(Doc. 25.)  The Court also directed the Clerk of Court to send a copy of the order to "the head of the California Department of Corrections and Rehabilitation, the Attorney General of California, and the Warden of California State Prison–Sacramento (where the actions at issue in this case allegedly occurred)."

On March 1, 2010, Quintero filed a Motion for Extension of Time, asking for a sixty-day extension to file the Amended Complaint identifying John Doe.  (Doc. 26.)  The Court granted the Motion in part, allowing Quintero forty-five additional days to file an Amended Complaint or to explain his unsuccessful discovery attempts.  (Doc. 27.)

On April 26, 2010, Quintero filed a second Motion to Compel Production of Documents, seeking the same report that he believed disclosed John Doe's identity.  (Doc. 28).  This Court held three telephonic status conferences with Quintero and defense counsel.[1]  Quintero explained that he wanted to obtain the report in his central file, which he believed disclosed John Doe's identity.

---

[1] The Court requested defense counsel Jamie M. Ganson to specially appear at the status conferences.  She represented Defendant J.S. Stewart, the only named Defendant in the original Complaint.  However, J.S. Stewart was not named as a Defendant in the Amended Complaint and, therefore, Jaime M. Ganson informed the Court that she no longer represents any Defendant in this case.  The Court nevertheless asked for her assistance in the matter and appreciates her assistance in this case.

Defense counsel assisted the Court in determining that the report had been provided to Quintero. During the last status conference on January 18, 2010, Quintero acknowledged receipt of the report. Quintero informed the Court that the report does *not* disclose John Doe's identity and that he does not know of any other means to obtain John Doe's identity.

## DISCUSSION

As noted in this Court's previous orders, "the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, "where the identity of alleged defendants will not be known prior to the filing of a complaint, . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Id.

In a similar case, the Eastern District of Michigan dismissed claims against two Doe Defendants. In Chamberlain v. Nielsen, No. 10-10676, 2010 WL 2898313, at *1 (E.D. Mich. June 16, 2010), the pro se plaintiff asserted claims against Defendants, including two Doe Defendants. The court ordered the plaintiff to identify the Doe Defendants within thirty days of the order and warned the plaintiff that "failure to comply with the order could result in dismissal of the

complaint and/or dismissal of the unidentified defendants." Id.  The plaintiff later moved for additional time to identify the Doe Defendants, which the court granted. Id.  When the plaintiff failed to identify their identities by the second deadline, the court recommended that the claims be dismissed:

> Plaintiff has already failed to meet the initial deadline set by Judge Battani and the later deadline set by this court, and there is no indication or evidence suggesting that plaintiff will ever be able to identify Jane/John Doe # 4 and John Doe # 5.  Additionally, plaintiff was previously warned by both Judge Battani and this court that plaintiff's failure to comply with the deadlines could result in dismissal of his remaining claims.  Given the warnings by the court and plaintiff's previous failures to meet deadlines, this court recommends that plaintiff's claims against Jane/John Doe # 4 and John Doe # 5 be dismissed.

The district judge assigned to the case adopted this recommendation and dismissed the claims against the Doe Defendants.  Chamberlain v. Nielsen, No. 10-10676, 2010 WL 2898297, at *1 (E.D. Mich. July 22, 2010.)

In the present case, the Court granted Quintero multiple extensions to identify John Doe's identity and warned him that failure to identify John Doe would result in dismissal of this case without prejudice.  It has been more than a year and two months since this Court initially ordered Quintero to identify John Doe.  (Doc. 22.)  The Court and defense counsel also assisted him in obtaining the only report that he believed identified John Doe's name.  At the last status conference, Quintero stated that he does not know of any other means to obtain

John Doe's identity.  Indeed, it is "clear that discovery would not uncover the identities" of any Defendant in this case.  <u>Gillespie</u>, 629 F.2d at 642.  Providing Quintero more time to obtain John Doe's identity would be fruitless.  Quintero says he exhausted all avenues for obtaining John Doe's identity.  Accordingly, the Court finds and recommends that this action be dismissed without prejudice for failure to identify a Defendant.  <u>See</u> <u>Chamberlain</u>, 2010 WL 2898313, at *2.

This Findings and Recommendation is submitted to District Judge J. Michael Seabright, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Any objection to this Findings and Recommendation is due fourteen days from the date of this Findings and Recommendation.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A copy of the objection shall be served on all parties.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 24, 2011.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

<u>Quintero v. Stewart</u>, Civ. No. 2:08-CV-00571 JMS-BMK; FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE.